# EXHIBIT 1

Joel "Jay" Fink
1865 Las Gallinas
San Rafael, 94903
jaystheone44@gmail.com
Telephone: 415.302.5295
Plaintiff, In pro per

FILED
SEP - 1 2023
JAMES M. KIM, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: N. Johnson, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF MARIN

JOEL "JAY" FINK, an individual,

Plaintiff,

vs.

ONE TECHNOLOGIES, LLC, a Texas limited liability company; and DOES 1-25, inclusive;

Defendants.

Case No: CV 0000781

(UNLIMITED CIVIL ACTION)

COMPLAINT FOR DAMAGES

1. VIOLATIONS OF CALIFORNIA RESTRICTIONS ON UNSOLICITED COMMERCIAL EMAIL (Cal. Bus. & Prof. Code § 17529.5)

1
COMPLAINT

Plaintiff JOEL "JAY" FINK ("Plaintiff") brings this action under California Business & Professions Code section 17529.5[1] against Defendant ONE TECHNOLOGIES, LLC ("Defendant") and alleges as follows:

## I. INTRODUCTION

1. Plaintiff brings this Action against professional spammer ONE TECHNOLOGIES, LLC for advertising in and sending at least 73 unsolicited and unlawful spam emails to Plaintiff.

2. Each spam email was materially false and deceptive: they either contained misrepresented or falsified information in the email headers, (including sender names, email addresses, or subject lines), and/or contained information in the subject lines that were misleading relative to the contents of the emails.

3. Plaintiff seeks statutory damages of one thousand dollars ($1,000.00) per unlawful spam email received pursuant to California Business & Professions Code section 17529.5(b)(1)(B)(ii). The Court should also award Plaintiff his attorneys' fees, should he have any, pursuant to section 17529.5(b)(1)(C) (see also Cal. Code Civ. Proc. § 1021.5 [providing for attorneys' fees where private parties bear the costs of litigation that confer a benefit on a large class of persons – here, by reducing the number of spam emails sent to all California residents]).

## II. PARTIES

### A. Plaintiff

4. JAY FINK ("FINK") was domiciled in, and was a citizen of, the State of California when he received the spam emails at issue. The spam emails at issue were sent to FINK'S email address that he ordinarily accesses from California.

### B. Defendants

---

[1] Unless otherwise stated, all section references are to the California Business & Professions Code.

2
COMPLAINT

5. Plaintiff is informed and believes and thereon alleges that Defendant ONE TECHNOLOGIES LLC is operating as a Texas limited liability company "ONE TECHNOLOGIES LLC" and is now, and was at all relevant times, doing business and soliciting California residents using unlawful email practices.

6. Plaintiff does not know the true names or legal capacities of the Defendants designated herein as DOES 1 through 25, inclusive. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein as a DOE is legally responsible in some manner for the matters alleged in this complaint and is legally responsible in some manner for causing the injuries and damages of which Plaintiff complains. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein as a DOE Defendant was, at all times relevant to the matters alleged within this complaint, acting in conjunction with the named Defendant, whether as a director, officer, employee, agent, affiliate, customer, participant, or co-conspirator. When the identities of DOE Defendants 1 through 25 are discovered, or otherwise made available, Plaintiff will seek to amend this Complaint to allege their identity and involvement with particularity.

### III. JURISDICTION AND VENUE

7. This Court has jurisdiction over the Action because a) Plaintiff is domiciled in, and citizens of, the State of California; b) Plaintiff received the unlawful spam emails at his California email address; c) the amount in controversy is above $25,000.00; and d) Defendant is doing business in California.

8. Venue is proper in this Court because Plaintiff's email account is located where he resides, in Marin County. Defendant directed 73 of the spam emails at issue to Plaintiff's email account.

### IV. FACTUAL ALLEGATIONS

9. Defendant advertised in, sent, and/or conspired to send at least 73 unlawful spam emails to Plaintiff's email address since September 1, 2022. Each of those email advertisements advertised and/or promoted the sale of Defendants' products and/or services.

10. At no time did Plaintiff give consent to receive spam emails from Defendant. Plaintiff did not have a preexisting or current business relationship with Defendant.

11. Plaintiff ordinarily accesses his email account from within California.

12. Plaintiff's own email address was not the cause of the falsified, misrepresented, forged, misleading, or otherwise deceptive information contained in or accompanying the email headers.

13. The spam emails are unlawful because they are materially false and deceptive, by inclusion of materially falsified/misrepresented information in the email headers, and/or false or misleading information in the contents of the email, as described below.

**A.  Defendant Sent Advertising Emails Using False or Misleading Header Information**

14. All of the 73 spam emails Plaintiff received contained false or misleading subject lines, such as "Outstanding job! Your New September 2022 Scores just hit an all-time high" or "Look Fantastic News! Your New October 2022 Scores just hit an all-time high" in violation of section 17592.5(a)(2).

15. Plaintiff is informed and believes and thereon alleges, that Defendant or its' affiliate marketers sent these emails without any information as to whether Plaintiff's credit score had in fact changed. On information and belief, Defendant had not reviewed any of Plaintiff's information save for his email address.

16.     These subject lines, standing alone, are false or, at best, misleading as they purport to have new information or notifications about Plaintiff's credit score, when in fact they are emails sent to advertise Defendant's products or services.

17      On information and belief the above-mentioned subject lines, were sent with complete disregard of the truth or reason to notify Plaintiff.

**B.    Defendant Sent Advertising Emails with Subject Lines that Misrepresent the Contents of the Emails**

18.     The subject lines of the spam emails Plaintiff received misrepresent the contents of most, if not all, of the emails received by Plaintiff in violation of section 17529.5(a)(3).

19.     The above-mentioned subject lines suggest that the contents of the emails contain information or notifications about Plaintiff's credit scores.

20.     On information and belief, the emails did not contain information or notifications about Plaintiff's credit scores. Instead, the contents contained links that redirect to purchase Defendant's products or services, in addition to various logos of what appear to be different companies all located at the same address in Maimi, Florida, such as "The Skies Wonderful," "The Happy Flower," and "Pure Coconut."

//

//

//

**C.    Defendant Utilized Affiliates to Distribute Spam Emails for Its Benefit**

21.     Plaintiff is informed and believes and thereon alleges that Defendant knowingly contracted with third party advertising networks and affiliates to advertise its websites for the purpose of selling products and services for a profit.

**D.    Defendant Knowingly Distributed Spam Emails to Plaintiff**

22. On information and belief, Defendant has not implemented practices and procedures to effectively prevent unsolicited spam emails in violation of section 17529.5.

23. Moreover, Plaintiff is informed and believes and thereon alleges that Defendant intended to deceive recipients via spam emails through the use of false or misrepresented information in the subject lines. Defendant went to great lengths to draft its subject lines with the objective of deceiving recipients.

24. Plaintiff is informed and believes and thereon alleges that Defendant did and continues to profit from their knowingly wrongful conduct. As such, Plaintiff is entitled to punitive damages.

## V. CAUSE OF ACTION
**[Violations of California Restrictions on Unsolicited Commercial Email, California Business & Professions Code § 17529.5]**
**(Against All Defendants)**

25. Plaintiff hereby incorporates the foregoing paragraphs as though set forth in full herein.

26. California Business & Professions Code § 17500 prohibits:

> "not only advertising which is false, but also advertising which[,] although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public." .... [T]he UCL and the false advertising law prohibit deceptive advertising even if it is not actually false.(Chapman v. Skype Inc., 220 Cal. App. 4th 217, 226-27 (2d Dist. 2013) (citation omitted)).

27. California Business & Professions Code § 17529.5(a)(2) prohibits falsified or misrepresented information contained in or accompanying email headers.

28. California Business & Professions Code § 17529.5(a)(3) prohibits subject lines which are likely to mislead the recipient about the contents or subject matter of the email.

29. The sender name, subject line, and sender domain name are all elements of an email header.

30. Defendant is secondarily liable for advertising via spam email even if third parties actually send any given message:

> There is a need to regulate the advertisers who use spam, as well as the actual spammers because the actual spammers can be difficult to track down due to some return addresses that show up on the display as "unknown" and many others being obvious fakes and they are often located offshore.
>
> The true beneficiaries of spam are the advertisers who benefit from the marketing derived from the advertisements.

Bus. & Prof. Code §§ 17529(j), (k).

31. Defendant advertised in, sent, and/or caused to be sent by its affiliates at least 73 materially false and deceptive unsolicited spam emails to Plaintiff California email addresses. The spam emails contain false or misleading information in the email headers s in violation of section 17529.5.

32. Plaintiff is entitled to liquidated damages in the amount of $1,000.00 per unlawful spam email pursuant to section 17529.5(b)(1)(B)(ii).

33. Plaintiff is entitled to reimbursement of their attorneys' fees pursuant to section 17529.5(b)(1)(C), should Plaintiff have any.

34. Plaintiff is similarly entitled to attorneys' fees pursuant to Code of Civil Procedure section 1021.5, should Plaintiff have any, since this action enforces a California public interest in preventing false or misleading advertising.

## PRAYER FOR RELIEF
### (Against All Defendants)

Plaintiff respectfully request this Court award the following relief:

A. An Order from this Court declaring that Defendant violated California Business & Professions Code § 17529.5 by advertising in and sending unlawful spam emails.

B. Statutory damages against Defendant in the amount of $1,000.00 for each of at least 73 unlawful spam emails, as authorized by Section 17529.5(b)(1)(B)(ii), for a total of at least $73,000.00,

C.  Attorneys' fees as authorized by California Business & Professions Code section 17529.5(b)(1)(C) and Code of Civil Procedure §1021.5, should Plaintiff have any.

D.  Punitive damages in an amount to be determined at trial;

E.  Costs associated with this action; and

F.  Such other relief as the Court deems proper.

Dated:

By: *[signature]*
Joel "Jay" Fink
*Plaintiff, In pro per*